**IN THE COURT OF APPEALS OF IOWA**

No. 16-0926
Filed December 21, 2016

**IN THE INTEREST OF C.H.,**
**Minor child,**

**C.W., Mother,**
    Petitioner-Appellant,

**B.H., Father,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

The mother appeals from the district court's denial and dismissal of her chapter 600A petition to terminate the father's parental rights.  **AFFIRMED.**

Eric D. Puryear and Leah D. Patton of Puryear Law, P.C., Davenport, for appellant mother.

Barbara K. Wallace of Barbara K. Wallace, P.L.C., Davenport, for appellee father.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals from the district court's denial and dismissal of her chapter 600A petition to have the father's parental rights terminated. We conduct a de novo review of termination proceedings under chapter 600A. *See In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). We defer to the factual findings of the district court, especially witness-credibility findings, but we are not bound by them. *See In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). In termination proceedings, the best interests of the children involved are "the paramount consideration," but we also give "due consideration" to the interests of the children's parents. *See* Iowa Code § 600A.1 (2015).

Here, the mother alleged the father had abandoned C.H., as defined by Iowa Code section 600A.8(3)(b). That section provides, in part:

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.[1]

Iowa Code § 600A.8(3)(b).

"[T]he threshold element of 'substantial and continuous or repeated contact' is economic contributions." *In re K.W.*, No. 14-2115, 2015 WL 6508910,

---

[1] Section 600A.8(3)(b) also contains a third subsection which is not at issue in this case.

at *3 (Iowa Ct. App. Oct. 28, 2015); *see also In re W.W.*, 826 N.W.2d 706, 710 (Iowa Ct. App. 2012) (discussing "predicate language of section 600A.8(3)(b)"). Support of the child in a reasonable amount is not limited to court-ordered support. *See W.W.*, 826 N.W.2d at 710. (noting that a parent's failure to make court-ordered payments is the subject of section 600A.8(4)). Here, it is undisputed the father has only paid the ordered child support of ten dollars each month, without otherwise contributing to the child's welfare, even though the father is employed and is able to help support his paramour's three children. Considering his meager financial support and the predicate language of section 600A.8(3)(b), the father has abandoned C.H. *See In re T.K.*, No. 16-0029, 2016 WL 4384869, at *2 (Iowa Ct. App. Aug. 17, 2016) (finding the father had not made a reasonable contribution to the support of the child even though the father was current on his court-ordered obligation to pay ten dollars each month). Because the father is deemed to have abandoned C.H. under the financial support element, we need not consider whether the father has engaged in regular contact as considered in subparagraphs (b)(1) and (2).

We now turn to the question of whether the mother has proved that termination of the father's parental rights is in the best interests of the child. *See In re R.K.B.*, 572 N.W.2d 600, 602 (Iowa 1998). In doing so, we give "due consideration" to the father's interests. *See* Iowa Code § 600A.1.

In his report to the court, the guardian ad litem (GAL) recommended the court dismiss the mother's petition, noting the father's apparently sincere desire to be actively involved in the child's life. Additionally, the GAL indicated that allowing the father to have visitation with the child going forward would "not

diminish the family relationship" the mother and the step-father had created with the child. In its ruling, the court found that both the mother and father have matured since they met their new significant others. The father's long-term girlfriend has three children of her own and is supportive of an ongoing relationship between the father and C.H. Moreover, at trial, the father indicated that he understood that, because he has not seen the child since December 2012, the six-year-old child would need to be gradually reintroduced to him. Additionally, the child's paternal grandmother often cared for the child during the first three years of her life. The grandmother has attempted to maintain contact with the child, and she would like to have a relationship with the child going forward. As the district court found, the support and nurturing available to the child from the father's extended family supports the court's denial of the mother's petition to terminate. *See Dale v. Pearson*, 555 N.W.2d 243, 246 (Iowa Ct. App. 1996) (highlighting the importance of support of the extended family in a custody determination).

While we agree the father could have been more assertive in his attempts to remain a part of the child's life, we see no reason why the child cannot benefit from a relationship with her father going forward. In reaching this conclusion, we are persuaded by the GAL's assertions that the father is sincere in his stated desire to be involved in the child's life. For the reasons stated above, we conclude termination of the father's parental rights is not in the best interests of the child. We affirm the district court's denial and dismissal of the mother's petition.

**AFFIRMED.**